VIRGINIA:

## BEFORE THE VIRGINIA STATE BAR DISCIPLINARY BOARD

IN THE MATTER OF                                    VSB DOCKET NO. 26-000-138647
PALMER ERIC HURST

## CONSENT TO REVOCATION ORDER

On, April 16, 2026, came Palmer Eric Hurst ("Respondent") and presented to the Board an

Affidavit Declaring Consent to Revocation (hereinafter "Affidavit") of his license to practice law

in the courts of this Commonwealth. By tendering his Consent to Revocation at a time when a

disciplinary complaint, Investigation or Proceeding is pending, the nature of which is specifically

set forth in the attached Affidavit, the Respondent acknowledges that the material facts contained

in the pending disciplinary complaint, Investigation or Proceeding are true.

The Board having considered the Affidavit, and Bar Counsel having no objection, the

Board accepts his Consent to Revocation.

Upon consideration whereof, it is therefore ordered that Palmer Eric Hurst's license to

practice law in the courts of this Commonwealth be and the same hereby is revoked, and that the

name of Palmer Eric Hurst be stricken from the Roll of Attorneys of this Commonwealth.

It is further **ORDERED** that the Respondent must comply with the requirements of Part

Six, Section IV, Paragraph 13-29 of the Rules of the Supreme Court of Virginia. The Respondent

shall forthwith give notice by certified mail of the Revocation of his license to practice law in the

Commonwealth of Virginia, to all clients for whom he is currently handling matters and to all

opposing Attorneys and presiding Judges in pending litigation. The Respondent shall also make

appropriate arrangements for the disposition of matters then in his care in conformity with the

wishes of his clients. The Respondent shall give such notice immediately and in no event later than fourteen (14) days of the effective date of the Revocation, and make such arrangements as are required herein as soon as is practicable and in no event later than forty-five (45) days of the effective date of the Revocation. The Respondent shall also furnish proof to the Clerk of the Disciplinary System of the Virginia State Bar within sixty (60) days of the effective date of the Revocation that such notices have been timely given, and such arrangements have been made for the disposition of matters.

It is further **ORDERED** that if the Respondent is not handling any client matters on the effective date of the Revocation, he shall submit an affidavit to that effect within sixty (60) days of the effective date of the Revocation to the Clerk at the Virginia State Bar. The Board shall decide all issues concerning the adequacy of the notice and arrangements required herein.  The burden of proof shall be on the Respondent to show compliance.

It is further **ORDERED** that pursuant to Part Six, Section IV, Paragraph 13-9.E, of the Rules of the Supreme Court of Virginia, the Clerk shall assess all costs against the Respondent.

It is further **ORDERED** that an attested copy of this Order be mailed by the Clerk to the Respondent by electronic, first-class, and certified mail, return receipt requested to his address of record with the Virginia State Bar, being 249 Central Park Ave Ste 300 Virginia Beach, VA 23462-3271, and a copy by electronic mail to Seth T. Shelley, Assistant Bar Counsel.

ENTERED THIS _____ DAY OF APRIL, 2026

VIRGINIA STATE BAR DISCIPLINARY BOARD

_____

Alison G. M. Martin, 1st Vice Chair

RECEIVED
Apr 16, 2026
VIRGINIA STATE BAR
CLERK'S OFFICE

VIRGINIA:

BEFORE THE VIRGINIA STATE BAR DISCIPLINARY BOARD

IN THE MATTER OF
PALMER ERIC HURST                    VSB Docket No. 26-000-138647

AFFIDAVIT DECLARING CONSENT TO REVOCATION

I, Palmer Eric Hurst, after being duly sworn, state as follows:

1.     I was licensed to practice law in the Commonwealth of Virginia in October 2016.

2.     I submit this Affidavit Declaring Consent to Revocation pursuant to Part 6, Section IV, Paragraph 13-28 of the Rules of the Supreme Court of Virginia.

3.     My consent to revocation is freely and voluntarily rendered, that I am not being subjected to coercion or duress, and that I am fully aware of the implications of consenting to the revocation of my license to practice law in the Commonwealth of Virginia.

4.     I am aware that there is currently pending a Disciplinary Proceeding against me pursuant to Part 6, Section IV, Paragraph 13-22 of the Rules of the Supreme Court of Virginia, based upon my guilty plea to two criminal offenses involving theft and fraud. On March 11, 2026, I entered pleas of guilty to the following charges in the Circuit Court for the County of Isle of Wight: one count of felony embezzlement greater than $1,000 and one count of felony uttering, with intent to defraud, a check greater than $1,000. The matter was taken under advisement, pursuant to a plea agreement. The Plea Agreement, Hearing Order, and Restitution Order are attached as Exhibit 1.

5.     In 2024, I misappropriated approximately $47,000 in funds belonging to my client, K.J., which was the basis for the criminal charges.

1